IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT F. HALLMAN, (TDCJ No.02224866), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No.4:17-CV-408-Y |
| STEVE GORDON, *et al.*, | § § | |
| Defendants. | § | |

**ORDER RESOLVING PENDING MOTIONS and OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Robert F. Hallman's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After review and consideration of Plaintiff's claims, the Court determines that all claims must be dismissed under authority of those provisions.

I.  BACKGROUND/COMPLAINT

In this suit, plaintiff Hallman filed a lengthy handwritten complaint with numerous attachments and exhibits. (Compl. (doc. 1) at 1-7; (doc. 1-1) at 1-79.) The complaint names as defendants attorneys Steve Gordon and Leticia Martinez; Elizabeth Beach, judge, Criminal District Court Number One, Tarrant County, Texas; Fort Worth police detectives McKee and O'Neill; and Bill Waybourn, sheriff, Tarrant County, Texas. (Compl. (doc. 1) at 1-3, 6-7; (doc. 1-1) at 15-18, 39-41,76-78.)

Hallman complains of the actions of attorneys Gordon and

Martinez in their respective representation of him on a charge then pending in case number 1451589 before Criminal District Court Number One, Tarrant County, Texas. (Compl. (doc. 1), at 4, 6-7; (doc. 1-1), 2-14 and 15-38.) Hallman alleges that Judge Beach took actions on his case with regard to attorney Gordon's motion to withdraw outside of his presence. (Compl. (doc. 1-1), at 40-41.) Hallman names Sheriff Waybourn as responsible for the classification of inmates at the Tarrant County jail and complains of his classification in protective-custody housing. (*Id.* at 76-77.) In this regard, he claims that Waybourn interfered with his right to effective assistance of counsel because the holdover cell in which he was required to meet with counsel is loud and crowded. (*Id.*) He alleges Detectives McKee and O'Neill failed to conduct a thorough investigation of the charge filed against him. (*Id.* at 78.) Hallman seeks "relief from his unlawful confinement," and monetary damages. (*Id.* at 4.)

**II. MOTION TO AMEND/SUPPLEMENT COMPLAINT**

Hallman's complaint was filed in 2017. Although he never sought to amend this pleading, he did file a large number of papers "to the attention of Judge Means." (Doc. 14, at 1-39.) Within that volume of papers, associated primarily with Hallman's administrative efforts to complain of his attorneys and Judge Beach, he included copies of the indictments in case numbers

2

1451589 and 1489585.[1] (Doc. 14, at 23, 37.) On May 24, 2019, however, Hallman filed a one-page document entitled "Motion for Leave to File Amended and Supplemental Pleadings Rule 15 FRCP," along with a twelve-page document entitled "Motion to Amend and with Supplemental Pleadings." (Doc. 23.) Rule 15(a) of the Federal Rules of Civil Procedure 15(a) provides that a party may amend his pleading once as a matter of course. See Fed. R. Civ. P. 15(a)(1). And Rule 15(d) provides that on motion and reasonable notice, a court may, on just terms, permit a party to serve a supplemental pleading. See Fed. R. Civ. P. 15(d). Because the case is still subject to screening under §§ 1915A and 1915(e), the Court will grant the motion to consider the attached document as a supplemental complaint and consider the claims listed in the supplemental complaint. The motion for leave to amend/supplement (doc. 23) is therefore **GRANTED**.

In the supplemental complaint, in addition to renaming the five defendants already listed, Hallman names numerous additional defendants. (Suppl. Compl.(doc. 23) at 3.) They are: Detective Kessler; Katrina Shorten (Hallman's ex-wife); Robyn Hallman (daughter); Ashlea Deener, Samantha Fant, and Kevin Boneberg, assistant district attorneys, Tarrant County, Texas; Delores Urzua, counselor, Department of Family and Protective Services (CPS); attorney Christy Jack; Theresa Fugate, Alliance for Children;

---

[1] The indictments are discussed *infra.*

Doctor Grism (physician); Terrikah Woodard (friend of Katrina Shorten); and John Peter Smith Hospital.(Suppl. Compl. (doc. 23) at 3-4.)

Hallman recites that as of April 2016, he was arrested and detained in the Tarrant County jail and, by June 30, 2016, was indicted in case number 1451589 in Criminal District Court Number One, Tarrant County, Texas, for alleged injury to his daughter, Robyn Hallman. (*Id.* at 4-6.) Hallman alleges he "languished in the county jail for two-years and seven months before being acquitted by a jury" on September 20, 2018, on the charge pertaining to Robyn Hallman. (*Id.*) Hallman generally alleges a vast conspiracy of all of the above-named persons to retaliate against him, and he claims "the machinery of the law was put in operation against an innocent person." (*Id*. at 5-6.)

Hallman acknowledges, however, that while he was detained, the state filed additional charges, first as case number 1489585, and later amended as case numbers 1548957 and 1548964. (*Id*. at 6.) As noted above, Hallman provided copies of the charging indictments in case numbers 1451589D and 1489585D. (Doc. 14, at 23, 37.) The indictment in case 1451589D recites five counts of sexual activity with a child under seventeen years of age, who was identified as Robyn Hallman. (*Id*. at 23.) The indictment in case number 1489585D, however, recites seven different counts of sexual activity with a child under fourteen years of age, who was identified as Ava

4

Hallman. (*Id*. at 37.) The second indictment was filed against Hallman on April 21, 2017, before he filed this suit. *Id.* Hallman acknowledges that both Robyn and Ava are his daughters.

Hallman did not inform the Court of the resolution of the later case. Records as to which this Court may take judicial notice reveal that Hallman was convicted of several counts in case 1548964R. See Fed. R. Evid. 201(b)(2) and (c)(1) regarding the Court's authority to take judicial notice of facts from sources whose accuracy cannot reasonably be questioned. The offender information listing for Hallman in the records of the Texas Department of Criminal Justice ("TDCJ") reveals that Hallman was convicted in case 1548964R on September 20, 2018, of the following: two counts of aggravated assault on a child under fourteen years of age; three counts of indecency with a child by contact; and one count of sexual assault of a child under seventeen . See https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03617673. Also, the records of the Second Court of Appeals of Texas, case number 02-18-434-CR, show Hallman has filed an appeal from these six counts of conviction and life sentences. See [https://search.txcourts.gov/Case.aspx?cn=02-18-00434-CR&coa=coa02.](https://search.txcourts.gov/Case.aspx?cn=02-18-00434-CR&coa=coa02.)

**III. SCREENING UNDER § 1915A and § 1915(e)(2)(B)**

As noted, because Hallman is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

5

subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2)(B). Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**IV. ANALYSIS**

**(A) Claims Barred by Absolute Immunity**

(1) Judicial Immunity

With regard to Hallman's claims against Elizabeth Beach, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Because the complained-of conduct by Judge Beach was judicial in nature and was undertaken pursuant to the jurisdiction provided to Criminal District Court Number One, Judge Beach is entitled to absolute immunity from any monetary-damages claims, and such claims will be dismissed.

Furthermore, to the extent Hallman is seeking some type of injunctive relief against Judge Beach for her action taken in state court, such relief is not appropriate in this suit. Title 42 U.S.C. § 1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a

7

declaratory decree was violated or declaratory relief is unavailable. 42 U.S.C. § 1983. Hallman's claims for injunctive relief against Judge Beach must therefore also be dismissed.

(2) Prosecutorial Immunity

Hallman asserts claims in his supplemental complaint against three prosecutors with the Tarrant County District Attorney's Office: Ashlea Deener, Samantha A. Fant, and Kevin Boneberg.(Suppl. Compl. (doc. 23) at 3, 5-6.) But Deener, Fant, and Boneberg are entitled to absolute immunity for any claims for monetary damages asserted by Hallman. The Supreme Court has consistently held that a government prosecutor acting in the course of his role as an advocate for the government is cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Supreme Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State." *Imbler*, 424 U.S. at 431, n. 33. Here, even assuming Hallman's allegations against Deener, Fant, and Boneberg are true, these defendants would have taken such action in their roles as prosecutors on behalf of the State of Texas. Thus, defendants Deener, Fant, and Boneberg are entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.

**(B) No Color of Law**

To assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993). As to Hallman's allegations against three different appointed attorneys, Steve Gordon, Leticia Martinez, and Christy Jack, Hallman has failed to satisfy the second element. Although Hallman alleges the violation of several constitutional rights—Fourteenth Amendment rights to due process and equal protection of law, Fifth Amendment, First Amendment, and Sixth Amendment rights—Hallman has failed to allege or show that these private attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex.1986)(citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Hallman has made no allegation that these attorneys were acting on behalf of the government.

Hallman does recite that attorney Martinez "conspired with

9

State Officials," but he has not alleged any particular facts to support such a conclusory statement. Conspiracy claims under § 1983 require that the claimant relate specific facts. *See Young v. Biggers*, 938 F.2d 565, 566 (5th Cir.1991)("Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient")(quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir.1987)). An allegation of the existence of a conspiracy does not state a claim. The operative facts of the conspiracy must be pled with particularity, not merely insinuated in broad, vague assertions. *Lynch,* 810 F.2d at 1370; *see Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Hallman's conclusory assertion of a "conspiracy with government officials" does not suffice.

Thus, Hallman has not shown that his attorneys were acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against the attorney defendants must be dismissed.

A similar analysis applies to many of the persons identified as defendants by Hallman in his supplemental complaint. As noted, Hallman listed as defendants Katrina Shorten, Robyn Hallman, Theresa Fugate, and Terrikah Woodard. (Suppl. Compl.(doc. 23) at 3-4.) None of these persons is identified as working for a governmental entity or acting in any capacity on behalf of a

governmental entity. Hallman writes that "[t]here was a knowing conspiracy by all defendants to defraud Plaintiff . . . ." (Suppl. Compl. (doc. 23) at 6.) But as with the conspiracy allegation recited above, Hallman sets forth absolutely no facts of any particular interaction between one of these non-government defendants and any governmental employee. *See Lynch,* 810 F.2d at 1370. In sum, as Hallman has failed to allege any facts to show any of the above listed defendants acted under color of law, his claims against them must be dismissed.

**(C)  Lack of Personal Involvement**

A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See  Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986)("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"). As to defendant Waybourn, Hallman writes that his "responsibility as Sheriff over the County Jail involves, but [is] not limited to the classification of inmates and matters that deal with the safety and security of inmates as well." (Compl. (doc. 1-1) at 76.) As noted

above, Hallman also contends that Waybourn is responsible for his housing during the duration of his confinement in the Tarrant County jail. (*Id.* at 77.)

Scrutiny of these allegations against Waybourn reveals that they do not contain factual allegations of personal involvement or knowledge by Waybourn of Hallman's particular housing or any difficulties Hallman may have confronted arising from such housing. Thus, it appears Hallman has named Waybourn only because of his role as the supervisor over the Tarrant County jail. The Fifth Circuit has stated that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of respondeat superior, which does not generally apply in § 1983 cases. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)("Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983")(citation omitted); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability")(citations omitted); *see also Williams v. Luna*, 909 F.2d 121, 123 (5th Cir.1990). Thus, as Hallman named Sheriff Waybourn only in his supervisory role, and as Hallman recites no particular facts of Waybourn's personal involvement with him or his claims, any claims against Waybourn must be dismissed.

Hallman's claims against detectives McKee, O'Neill, and Kesler suffer similar pleading deficiencies. A complaint must specify the acts of the defendants individually, not collectively, to meet the pleadings standards of Federal Rule of Civil Procedure 8(a). *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), *abrogated in part on other grounds by Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). Here, Hallman alleges that the detectives failed to conduct a thorough investigation of the medical report and the offense report and relied too much upon the information provided from his ex-wife. (Compl.(doc. 1-1) at 78.) Hallman also alleges he was arrested because he "is black and an ex-offender." *Id.* And in the supplemental complaint, Hallman alleges that Detectives McKee, O'Neill, and Kesler were "the legal officers responsible also for the institution and maintenance of the criminal proceedings . . . ." (Suppl. Compl. (doc. 23) at 5.) But Hallman alleges no individual conduct of any of these police-detective defendants, so he has failed to state a claim upon which relief could be granted as to any of them. Accordingly, Hallman's claims against Detectives McKee, O'Neill, and Kesler must be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, although Hallman has named several other defendants in his supplemental complaint, in several instances he has wholly failed to allege *any* facts against them. He names

Delores Urzua as a counselor for the Department of Family and Protective Services. (Suppl. Compl. (doc. 23) at 3.) But he recites no other facts against her. Likewise, Hallman names Theresa Fugate (whom the Court also found to not have acted under color of law), but asserts no particular facts of how she has any relation to his claims. Next, Hallman recites that Doctor Grism, a physician for John Peter Smith Hospital, is a physician for Katrina Shorten. (*Id*. (doc. 23) at 4.) But other than reciting Grism's connection to Shorten, Hallman alleges no other facts against defendant Grism. Hallman also lists John Peter Smith Hospital as a defendant, but once again, he makes no allegations against it. And though the Court noted that Terrikah Woodard has not acted under color of law, Hallman has also failed to allege any facts relating Woodard to any of his claims. Hallman writes that Woodard is a representative payee for Katrina Shorten, and "had the responsibility to manage her money, make sure Katrina kept all doctors appointments and a number of other things." (Suppl. Compl. (doc. 23) at 4.) But this information does not recite any conduct by Woodard that relates to any harm to Hallman. In sum, Hallman's claims against Delores Urzua, Theresa Fugate, Doctor Grism, Terrikah Woodard, and John Peter Smith Hospital must all be dismissed for failure to state a claim upon which relief may be granted.

**(D) Limitation Upon Claims for Compensatory Damages under 42 U.S.C. § 1997e(e)**

As noted above, as a part of his request for relief from this Court, Hallman seeks compensatory monetary damages. (Compl. (doc. 1) at 4.) With the enactment of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C.A. § 1997e(e)(West Supp. 2018). This physical-injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has held that § 1997e(e) applies to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies

15

to *all federal civil actions,"* and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original). Another district court has applied the language of *Geiger* to hold that an inmate's claims for compensatory damages for violation of the Fourteenth Amendment, without showing physical injury, are barred by § 1997e(e). *See Rogers v. Newman*, No.5:04-CV-193-DCB-JCS, 2006 WL 1520298, at *1 (S.D. Miss. April 7, 2006).

A review of the allegations in Hallman's complaint and in the supplemental complaint shows that he has not asserted any claim of physical injury. Applying the above-referenced holdings to the instant case, no matter the substantive constitutional violations asserted by Hallman, his failure to allege physical injury bars any claims for compensatory monetary damages.

## V.   OTHER PENDING MOTIONS

Hallman has filed a motion entitled "Plaintiff's Motion to use Williams Rule Evidence of Similar Wrongs, Abuses, Claims, Violations and Crimes by these Defendants or by Their Co-Workers." (Doc. 21.) Although it is unclear what relief Hallman is seeking, he apparently wants to have the opportunity to engage in discovery to obtain evidence of whether any defendant engaged in any conduct

related to the claims in his complaint. More recently, he did expressly file a motion to conduct discovery in the form of a "Request to Produce Documents and Tangible Things and to Enter on Land under Rule 34." (Doc. 27.) As the Court has determined that Hallman's claims must be dismissed under §§1915A and 1915(e)(2)(B), both of these motions is **DENIED**.

Also, Hallman has filed a "Motion to Direct the Defendants to Answer [the] Complaint" (doc. 22), and a "Motion for Request for Service of Summons" (doc. 25). As the Court has determined that all of Hallman's claims must be dismissed, these motions are also **DENIED**.

Finally, Hallman has also filed a motion for appointment of counsel. Because the Court has determined that the claims must be dismissed, the motion for appointment of counsel (doc. 26) is also **DENIED**.

## VI. CONCLUSION and ORDER

For the foregoing reasons, Hallman's claims for monetary damages against Elizabeth Beach, Ashlea Deener, Samantha A. Fant, and Kevin Boneberg are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii); and all Hallman's remaining claims for compensatory monetary damages and all remaining claims against Detective McKee, Detective O'Neill, Detective Kesler, Katrina Shorten, Robyn Hallman, Delores Urzua,

17

Steve Gordon, Leticia Martinez, Christy Jack, Bill Waybourn, Theresa Fugate, Doctor Grism, Terrikah Woodard, and John Peter Smith Hospital, are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and(ii).

This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

SIGNED July 9, 2025.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE